5

18–2–02478–34
CMP          2
Complaint
3101156

FILED
SUPERIOR COURT
THURSTON COUNTY, WASH.

18 MAY 14  AM 9: 30

Linda Myhre Enlow
Thurston County Clerk

18 – 2 – 0 2 4 7 8 – 3 4

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF THURSTON

| | |
|---|---|
| AVERY SIMMONS, an individual, | ) Case No.: |
| | ) |
| Plaintiff, | ) COMPLAINT |
| vs. | ) |
| | ) [JURY DEMAND IF REMOVED] |
| ALBERTSONS COMPANIES, LLC, d/b/a | ) |
| HAGGEN FOOD AND PHARMACY, a | ) |
| Delaware corporation, | ) |
| | ) |
| Defendant. | ) |

Plaintiff Avery Simmons, by and through counsel, complains and avers as follows:

## I.    PARTIES, JURISDICTION, AND VENUE

1.1    Status of Plaintiff.  Plaintiff Avery Simmons is an individual residing in Thurston County, Washington.

1.2    Status of Defendant.  Defendant Albertsons Companies LLC is a corporation organized is Delaware and doing business in Thurston County, Washington.

1.3    Jurisdiction.  This Court has subject matter jurisdiction over this action pursuant to RCW 2.08.010.

1.4    Venue.  Venue is proper in Thurston County, Washington. Defendant Albertsons transacts business in Thurston County and has offices for the transaction of business in Thurston County. RCW 4.12.025(1). Additionally, venue is proper because the activities which gave rise to these allegations took place in Thurston County, Washington. RCW 4.12.025(3).

COMPLAINT – Page 1

1     1.5    Albertsons employs more than 8 employees and is an employer subject to

2  Washington Law Against Discrimination, RCW 49.60.180. Albertsons employed plaintiff

3  Simmons.

4     1.6    Albertsons employs more than 15 employees and is an employer subject to Title

5  VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e. Albertsons employed plaintiff Simmons.

6     1.7    Albertsons employs 501 employees or more and is an employer subject to Title

7  VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e.

8     1.8    Less than 300 days after incidents of harassment, plaintiff filed charges with the

9  Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII by

10  defendant.

11     1.9    On April 17, 2018, the EEOC issued a Notice of Right to Sue to plaintiff.

12                **II.**    **FACTS**

13     2.1    Plaintiff was hired by defendant on or about February 16, 2017.

14     2.2    In August 2017, plaintiff was injured during work. Plaintiff filed a workers'

15  compensation claim with Washington Labor & Industries.

16     2.3    After and because plaintiff filed her workers' compensation claim, the defendant

17  issued a Personnel Action Notice to plaintiff regarding her workplace injury.

18     2.4    The defendant had reason to know that a particular employee behaved in a way

19  that made his co-workers feel uncomfortable or harassed because of sex.

20     2.5    On or around October 16, 2017, a particular employee of defendant sexually

21  harassed plaintiff in the form of unwanted touching and sexual luring.

22     2.6    Defendant has a written anti-harassment policy.

23     2.7    Plaintiff followed the defendant's written anti-harassment policy by reporting her

24  co-workers' sexually-harassing behavior.

25     2.8    After and because plaintiff reported that she was being sexually harassed to her

26  supervisor, the defendant issued two Personnel Action Notices for conduct that occurred before

plaintiff complained of harassment.

COMPLAINT – Page 2                     ROCKE | LAW Group, PLLC
                                               101 Yesler Way, Suite 603
                                                Seattle, WA 98104
                                                  (206) 652-8670

2.9     Plaintiff reported to defendant's Human Resources Department that she was being sexually harassed. Human Resources, without following its own policy by investigating, told plaintiff there was no issue.

2.10    Defendant ratified and compounded the harassing behavior by failing to follow its own written policy and failing to address the behavior.

2.11    The harassment culminated in a change in the terms and conditions of employment.

2.12    Defendant acted with oppression, malice, an evil motive, or recklessness or callous indifference, or gross negligence to a federally protected right. Defendant's behavior was shocking and evidenced by an attempt to conceal or cover-up the discriminatory practice. Defendant's actions after the complaint evidenced an indifference and even a threat.

2.13    On October 24, 2017, plaintiff reasonably believed she had no choice but to quit.

### III.     CAUSES OF ACTION

#### A.  Sexual Harassment – Hostile Work Environment

#### (Washington Law Against Discrimination and Title VII of the Civil Rights Act of 1964)

3.1     Plaintiff was subjected to unwelcome touching and sexual gestures based on her sex.

3.2     Defendant knew or should have known of the harassment and failed to act reasonably to prevent it. On the contrary, the defendant ratified the injury by its response.

3.3     This hostile work environment was so severe and pervasive as to affect the terms and conditions of plaintiff's employment.

3.4     As a result of the hostile work environment plaintiff experienced, she has suffered lost wages and other damages in an amount to be proven at trial.

#### B.     Claim Suppression

#### (Washington Law)

3.5     After and because of filing a workers' compensation claim with Washington Labor & Industries, the defendant issued plaintiff a Personnel Action Notice.

COMPLAINT – Page 3

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

3.6     As a result of these write ups, plaintiff felt that she was being retaliated against for participating in protected activities and she was forced to quit. Filing a claim for workers' compensation was a substantial factor in the defendant's retaliation and constructive discharge of plaintiff.

### C. Discrimination and Retaliation

### (Washington Law Against Discrimination and Title VII of the Civil Rights Act of 1964)

3.7     After and because plaintiff complained of sexual harassment, the defendant issued plaintiff two Personnel Action Notices.

3.8     The harassment culminated in a change in the terms and conditions of employment.

3.9     As a result of these write ups and the behavior of the defendant, plaintiff reasonably believed that she had no choice but to quit.

3.10    As a result of being forced to quit, plaintiff has suffered lost wages and other damages in an amount to be determined at trial.

### D. Wrongful Termination in Violation of Public Policy

### (Washington Common Law)

3.11    Washington has clear public policies protecting employees from sexual harassment in the workplace and termination because an employee files a claim for state benefits due to an industrial injury.

3.12    Plaintiff reported a workplace injury and sexual harassment.

3.13    As a result of defendant's actions and omissions, plaintiff was constructively discharged.

3.14    As a result of plaintiff's wrongful termination, she has suffered lost wages and other damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment as follows:

(1)     Injunctive relief, including the following:

COMPLAINT – Page 4

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

1       a.  court-supervised improvements to the enforcement of defendant's anti-

2 harassment and anti-retaliation policy and training of management and employees on

3 that policy;

4       b.  court-supervised improvements to defendant's written policy and training

5 concerning workers' compensation and claim suppression;

6       c.  reports to the court about claims of sexual harassment, workers'

7 compensation, or retaliation, and defendants' actions in relation to such claims for

8 two years following the entry of judgment; and

9       d.  conspicuous posting of employee's rights regarding harassment and

10 retaliation under state and federal law, employer's policy, and anti-retaliation

11 protections.

12     (2)     Compensatory damages in the form of the following: back pay; front pay;

13 emotional distress and other nonpecuniary and general damages; pecuniary losses; and a gross-

14 up for tax consequences;

15     (3)     Punitive damages;

16     (4)     Attorney's fees and costs; and

17     (5)     For such other and further relief as the Court may deem just and proper.

18       Dated this 4th day of May, 2018

19 Bender Law PLLC

20

21 *Rachel R Bender*

22 Rachel Bender, WSBA No. 50619
Attorneys for plaintiff

23 ROCKE | LAW Group, PLLC

24

25 *Aaron V. Rocke*

26 Aaron V. Rocke, WSBA No. 31525
Attorneys for plaintiff

COMPLAINT – Page 5