Hon. Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AVERY SIMMONS, an individual, | Case No.: 3:18-cv-05522-RJB |
| Plaintiff, | JURY DEMAND |
| vs. | |
| SAFEWAY INC., d/b/a HAGGEN FOOD AND PHARMACY, a Delaware corporation, | |
| Defendant. | |

Plaintiff Avery Simmons, by and through counsel, complains and avers as follows:

### I.  PARTIES, JURISDICTION, AND VENUE

1.1   Status of Plaintiff.  Plaintiff Avery Simmons is an individual who resided in Thurston County, Washington during the employment relationship and still resides there.

1.2   Status of Defendant.  Defendant Safeway Inc. is a corporation organized in Delaware and doing business in Thurston County, Washington. It does business as Haggen Food and Pharmacy.

1.3   Jurisdiction.  This Court has subject matter jurisdiction over this action under federal question jurisdiction 28 U.S.C. 1331 and supplemental jurisdiction over state law claims under 28 U.S.C. 1367.

1.4   Venue.  Venue is proper in U.S. District Court for the Western District of Washington at Tacoma. Defendant transacts business in Thurston County and has offices for the transaction of business in Thurston County. Additionally, venue is proper because the activities which gave rise to these allegations took place in Thurston County, Washington.

AMENDED COMPLAINT – Page 1

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

1.5     Defendant employs more than 8 employees and is an employer subject to Washington Law Against Discrimination, RCW 49.60.180. Safeway employed plaintiff Simmons.

1.6     Safeway employs more than 15 employees and is an employer subject to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e. Safeway employed plaintiff Simmons.

1.7     Safeway employs 501 employees or more and is an employer subject to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e.

1.8     Less than 300 days after incidents of harassment, plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII by defendant.

1.9     On April 17, 2018, the EEOC issued a Notice of Right to Sue to plaintiff.

## II.     FACTS

2.1     Plaintiff was hired by defendant on or about February 16, 2017.

2.2     In August 2017, plaintiff was injured during work. Plaintiff filed a workers' compensation claim with Washington Labor & Industries.

2.3     After and because plaintiff filed her workers' compensation claim, the defendant issued a Personnel Action Notice to plaintiff regarding her workplace injury.

2.4     The defendant had reason to know that a particular employee behaved in a way that made his co-workers feel uncomfortable or harassed because of sex.

2.5     On or around October 16, 2017, a particular employee of defendant sexually harassed plaintiff in the form of unwanted touching and sexual luring.

2.6     Defendant has a written anti-harassment policy.

2.7     Plaintiff followed the defendant's written anti-harassment policy by reporting her co-workers' sexually-harassing behavior.

2.8     After and because plaintiff reported that she was being sexually harassed to her supervisor, the defendant issued two Personnel Action Notices for conduct that occurred before plaintiff complained of harassment.

2.9 Plaintiff reported to defendant's Human Resources Department that she was being sexually harassed. Human Resources, without following its own policy by investigating, told plaintiff there was no issue.

2.10 Defendant ratified and compounded the harassing behavior by failing to follow its own written policy and failing to address the behavior.

2.11 The harassment culminated in a change in the terms and conditions of employment.

2.12 Defendant acted with oppression, malice, an evil motive, or recklessness or callous indifference, or gross negligence to a federally protected right. Defendant's behavior was shocking and evidenced by an attempt to conceal or cover-up the discriminatory practice. Defendant's actions after the complaint evidenced an indifference and even a threat.

2.13 On October 24, 2017, plaintiff reasonably believed she had no choice but to quit.

### III.   CAUSES OF ACTION

#### A.   Sexual Harassment – Hostile Work Environment

**(Washington Law Against Discrimination and Title VII of the Civil Rights Act of 1964)**

3.1 Plaintiff was subjected to unwelcome touching and sexual gestures based on her sex.

3.2 Defendant knew or should have known of the harassment and failed to act reasonably to prevent it. On the contrary, the defendant ratified the injury by its response.

3.3 This hostile work environment was so severe and pervasive as to affect the terms and conditions of plaintiff's employment.

3.4 As a result of the hostile work environment plaintiff experienced, she has suffered lost wages and other damages in an amount to be proven at trial.

#### B.   Claim Suppression

#### (Washington Law)

3.5 After and because of filing a workers' compensation claim with Washington Labor & Industries, the defendant issued plaintiff a Personnel Action Notice.

3.6     As a result of these write ups, plaintiff felt that she was being retaliated against for participating in protected activities and she was forced to quit. Filing a claim for workers' compensation was a substantial factor in the defendant's retaliation and constructive discharge of plaintiff.

## C.  Discrimination and Retaliation

**(Washington Law Against Discrimination and Title VII of the Civil Rights Act of 1964)**

3.7     After and because plaintiff complained of sexual harassment, the defendant issued plaintiff two Personnel Action Notices.

3.8     The harassment culminated in a change in the terms and conditions of employment.

3.9     As a result of these write ups and the behavior of the defendant, plaintiff reasonably believed that she had no choice but to quit.

3.10    As a result of being forced to quit, plaintiff has suffered lost wages and other damages in an amount to be determined at trial.

## D.  Wrongful Termination in Violation of Public Policy

**(Washington Common Law)**

3.11    Washington has clear public policies protecting employees from sexual harassment in the workplace and termination because an employee files a claim for state benefits due to an industrial injury.

3.12    Plaintiff reported a workplace injury and sexual harassment.

3.13    As a result of defendant's actions and omissions, plaintiff was constructively discharged.

3.14    As a result of plaintiff's wrongful termination, she has suffered lost wages and other damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment as follows:

(1)     Injunctive relief, including the following:

      a. court-supervised improvements to the enforcement of defendant's anti-harassment and anti-retaliation policy and training of management and employees on that policy;

      b. court-supervised improvements to defendant's written policy and training concerning workers' compensation and claim suppression;

      c. reports to the court about claims of sexual harassment, workers' compensation, or retaliation, and defendants' actions in relation to such claims for two years following the entry of judgment; and

      d. conspicuous posting of employee's rights regarding harassment and retaliation under state and federal law, employer's policy, and anti-retaliation protections.

(2) Compensatory damages in the form of the following: back pay; front pay; emotional distress and other nonpecuniary and general damages; pecuniary losses; and a gross-up for tax consequences;

(3) Punitive damages;

(4) Attorney's fees and costs; and

(5) For such other and further relief as the Court may deem just and proper.

Dated this 24th day of July, 2018

ROCKE │ LAW Group, PLLC

_____
Aaron V. Rocke, WSBA No. 31525
Attorneys for Plaintiff
Rocke Law Group, PLLC
101 Yesler Way #603
Seattle, Washington 98104
Telephone: (206) 652-8670
Fax: (206) 452-5895
Email: aaron@rockelaw.com