# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

AVERY SIMMONS, an individual,

        Plaintiff,

v.

SAFEWAY, INC., d/b/a HAGGEN FOOD AND PHARMACY, a Delaware corporation,

        Defendant.

CASE NO. 18-5522 RJB

ORDER ON DISCOVERY MOTIONS

THIS MATTER comes before the Court on Defendant Safeway, Inc., d/b/a Haggen Food and Pharmacy's ("Haggen" or "Defendant") Motion for Protective Order (Dkt. 23) and Haggen's Motion to Compel Documents Refreshing Plaintiff's Memory and to Resume Deposition (Dkt. 21). The Court has considered the pleadings filed regarding the motions and the remaining file.

On May 14, 2018, Plaintiff Avery Simmons filed this employment discrimination case in Thurston County, Washington, Superior Court, in connection with her employment at Haggen's Olympia, Washington store. Dkt. 1-2. Haggen now moves for an order protecting its Fed. R.

ORDER ON DISCOVERY MOTIONS - 1

Civ. P. 30 (b)(6) deponent from having to testify about certain matters identified in the Plaintiff's Rule 30 (b)(6) deposition notice. Dkt. 23. Haggen also moves for an order compelling Simmons to produce a typed document that she asserted she used to refresh her memory during her deposition and an order allowing Haggen to proceed with a second, limited deposition. Dkt. 21. For the reasons provided below, Haggen's motion for a protective order (Dkt. 23) should be granted, in part, and denied, in part; its motion to compel and for leave to conduct a second limited deposition (Dkt. 21) should be continued to June 4, 2019.

I. **BACKGROUND FACTS, PROCEDURAL HISTORY, AND SPECIFIC FACTS RELATED TO THE PENDING DISCOVERY MOTIONS**

A. **BACKGROUND FACTS**

According to the Amended Complaint, Haggen hired the Plaintiff on February 16, 2017. Dkt. 12, at 2. She asserts that she was injured at work in August of 2017 and filed a worker's compensation claim. *Id.* The Plaintiff maintains that the Defendant issued a "Personnel Action Notice" about her workplace injury because she filed her workers' compensation claim. *Id.*

Around October 16, 2017, the Plaintiff alleges that another employee "sexually harassed Plaintiff in the form of unwanted touching and sexual luring." Dkt. 12, at 2. She asserts that she followed the Defendant's "written anti-harassment policy by reporting her co-workers' sexually-harassing behavior." *Id.* The Plaintiff maintains that after her report, the Defendant issued two "Personnel Action Notices for conduct that occurred before the Plaintiff complained of the harassment." *Id.* She states that Defendant's Human Resources Department, "without following its own policy by investigating, told Plaintiff there was no issue." *Id.,* at 3. The Plaintiff asserts that the Defendant did not follow its own policy and failed to address the behavior. *Id.* She maintains that she "reasonably believed she had no choice but to quit;" she did so on October 24, 2017. *Id.*

## B. PROCEDURAL HISTORY

The Plaintiff asserts claims against Haggen for hostile work environment, discrimination, and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et. seq.,* and the Washington Law Against Discrimination, RCW 49.60, *et. seq*. Dkt. 12, at 3-4. She also makes claims for claim suppression and wrongful termination under Washington common law. *Id*. The Plaintiff seeks injunctive relief, damages, attorneys' fees, and costs. *Id.*

The deadline for discovery motions was May 13, 2019, the discovery deadline is June 3, 2019, the dispositive motions deadline is July 2, 2019, and the trial is set to begin on September 30, 2019. Dkt. 18. The parties have been engaging in discovery, including responding to written discovery, on-going production of documents, and noting and taking depositions. *See e.g*. Dkts. 24, and 29.

## C. FACTS RELATED TO MOTION FOR PROTECTIVE ORDER

Late in the day on Friday, May 10, 2019, the Plaintiff served the Defendant with a Fed. R. Civ. P. 30 (b)(6) Notice of Deposition, identifying 14 topics and 50 subtopics. Dkt. 25-1. On Sunday, May 12, 2019, the Defendant emailed the Plaintiff, objecting to the notice. Dkt. 25, at 3-4. The parties met and conferred by telephone, to discuss the scope of the Rule 30 (b)(6) notice and to see if they could agree to an extension of the discovery motion deadline, which was the next day. *Id.* The parties were unable to resolve all the issues and were not able to agree to extend the deadline. *Id.* Their call to the Court did not result in a resolution. Dkt. 24. The Defendant's motion for a protective order followed. Dkt. 23. After the motion was filed, the parties met and conferred; of the 14 topics in the Notice of Deposition, they were able to come to an agreement regarding Topics No. 1, 3, 6, 8, 9, 11, 12, and 14. This order addresses the remaining topics at issue.

### D. FACTS RELATED TO MOTION TO COMPEL AND FOR FURTHER DEPOSITION OF PLAINTIFF

On December 10, 2018, Plaintiff's deposition was taken for around four hours. Dkt. 22, at 1, and Dkt. 22-1, at 3-12. During her deposition, the Plaintiff acknowledged that she reviewed a page-and-a-half document, typed by her attorney, to refresh her memory of the events surrounding this case. Dkt. 22-1, at 4. Defense counsel asked the Plaintiff whether she recalled "what the statement says in it," and the Plaintiff's counsel instructed her not to answer on the grounds of attorney-client privilege and work-product doctrine protection. *Id.,* at 5. The Plaintiff testified that the document was created from her own notes of the events, taken before she consulted legal counsel, and then reorganized and typed by her attorney after they met. Dkt. 27-1, at 11-12. She testified that the typewritten version (that she used to refresh her memory) was not different, in a way that is important, to her handwritten version. Dkt. 27-1, at 12. During the deposition, counsel for Defendant indicated that they may seek to depose Plaintiff again after production of the document. Dkt. 21-1, at 5. After the deposition, the Plaintiff sent the Defendant a copy of her handwritten notes, but did not send the typed version. Dkt. 27-2. The parties met and conferred and were unable to resolve the issue. Dkt. 22, at 1-2.

## II. DISCUSSION

### A. STANDARD ON DISCOVERY GENERALLY

Fed. R. Civ. P. 26 (b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12 (1978)(*quoting* 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)).

### B. RULE 30 (b)(6) AND STANDARD ON MOTION FOR PROTECTIVE ORDER

Fed. R. Civ. P. 30 (b)(6) "Notice or Subpoena Directed to an Organization," provides in relevant part that: "[i]n its notice or subpoena, a party may name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination." Under Fed. R. Civ. P. 26 (b)(2)(C),

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26 (b)(1).

Further, pursuant to Rule 26 (c)(1), for good cause, the court may "issue an order to protect a party or person from . . . oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery . . . [or] limiting the scope of disclosure or discovery." Fed. R. Civ. P. 26 (c)(1)(A) and (D).

### C. MOTION FOR PROTECTIVE ORDER – TOPICS IN DISPUTE IN THE 30 (b)(6) NOTICE OF DEPOSITION AND MOTION FOR ATTORNEYS' FEES

After the parties fully briefed the motion for a protective order, and then met and conferred for a second time, Topic Nos. 2, 4, 5, 7, 10, and 13 of the deposition notice remain in dispute.

Each of these topics is addressed below, along with the Defendant's motion for attorneys' fees for having to bring the motion.

    1. <u>Topic No. 2: Andrew Shaffer's Rate of Pay</u>

After having fully briefed the issue, the parties indicate that the only outstanding issue of dispute regarding Topic No. 2 is Andrew Shaffer's rate of pay. Dkts. 23, 28 and 32. Andrew Shaffer is the Haggen employee alleged to have sexually harassed the Plaintiff.

The Defendant maintains that Mr. Shaffer's rate of pay is not relevant to any of the Plaintiff's claims or any of its defenses. Dkt. 23. The Plaintiff asserts that Mr. Shaffer's rate of pay is relevant to determine whether "the terms of his employment with Defendant changed after Plaintiff's complaints or constructive discharge, as this would reflect whether Mr. Shaffer was disciplined or rewarded for his treatment" of the Plaintiff. Dkt. 28.

The Defendant's motion for an order protecting Mr. Shaffer's rate of pay should be denied. Although a stretch, it is tangentially relevant to the Defendant's response to the incident.

    2. <u>Topic No. 4: Policies Regarding Employee Complaint Investigations</u>

The Notice of Deposition identified the following as Topic No. 4:

> Safeway's policies regarding investigations into employee complaints from February 2017 to present, including (1) who contributed to creating these policies, (2) how the policies were created, (3) where these policies can be found, (4) the meaning, effect, and interpretation of these policies, (5) the purpose or reasons for any updates or changes to these policies, (6) how the policies were distributed to employees, and (7) how often employees, including both supervisors and their subordinates, were required to participate in trainings on these policies.

Dkt. 25-1, at 6. The Defendant moves for an order protecting its Rule 30 (b)(6) deponent from having to respond to this topic, asserting that the topic is vague, undefined, and overbroad. It maintains that to the extent the Plaintiff seeks information on its policies on how to conduct an investigation, then the request is cumulative and duplicative because Haggen has produced this

information in written discovery and through the deposition of in-house counsel and the HR investigator in Plaintiff's case, Liz Parkes. Dkt. 23. The Defendant asserts that the Plaintiff "already knows, by virtue of the hours of deposition of in-house counsel and HR investigator Liz Parkes, that Haggen has no specific written policies on how to conduct investigations." Dkt. 32. The Plaintiff argues that she wants to inquire about what she feels is an inconsistency. Dkt. 28. She maintains that Ms. Parkes' testimony, that Haggen has no written policy, is inconsistent with a slide in an employee anti-harassment training (which was turned over in written discovery) that outlined the general framework for an investigation. Dkt. 28. The Defendant replies and states that after the motion was filed, and the parties had time to confer, when it became apparent that the Plaintiff had certain documents in mind regarding this question, it asked the Plaintiff to narrow the request and identify about which documents she intended to ask. Dkt. 32. The Defendant asserts that the Plaintiff refused. *Id.* The Defendant moves the Court for an order either protecting the deponent from having to answer questions about this topic or for an order requiring the Plaintiff to reform Topic No. 4 by identifying those documents she believes are "policies on investigations" on or before June 4, 2019. *Id.* (The 30 (b)(6) deposition is scheduled for later in June 2019).

     The Defendant's motion for a protective order as to this topic of discussion, should be granted. The Defendant has shown good cause for the order. Rule 26 (c)(1). As written, Topic No. 4 is overly broad, vague, unreasonably duplicative and cumulative. The topic has not been stated "with reasonable particularity" in accord with Rule 30 (b)(6). If the Plaintiff wishes to inquire further into this topic, she should reform Topic No. 4 by identifying those documents she believes are "policies on investigations" on or before June 4, 2019.

     3. <u>Topic No. 5: Steps to Address Complaints While Investigation is Pending</u>

Topic No. 5 of discussion is: "Safeway, Inc., d/b/a Haggen Food and Pharmacy's taking steps from February 2017 to present to address complaints of sexual harassment while an investigation into the same complaint is pending." Dkt. 28.

The Defendant argues that this topic is not relevant, overly broad and not proportional to the needs of the case. Dkt. 23. The Plaintiff generally maintains that it is relevant to Defendant's defenses that it acted reasonably by following its policy to respond to employee complaints. Dkt. 28, (*citing* affirmative defenses VII, VIII, XII, and XIII). The Defendant argues that this topic is not relevant to its affirmative defenses because they relate specifically to Plaintiff's complaint: actions by the employees involved in her complaint, her failure to avail herself of the companies' policies and her failure to mitigate. Dkt. 32. It further notes that the topic is unreasonably cumulative and duplicative because Haggen has already provided the Plaintiff information on 12 sexual harassment investigations conducted over a 3-year period. *Id.* If the Court is not inclined to grant the protective order in entirely, the Defendant moves for an order requiring the Plaintiff to reform this topic to state it "with reasonable particularity" and scope in accord with Rule 30 (b)(6). *Id.*

The Defendant's motion for a protective order on this topic should be granted. It has shown sufficient good cause for the order. Rule 26 (c)(1). The topic is overly broad, unreasonably cumulative, and duplicative. Further, the Plaintiff fails to state the topic "with reasonable particularity" in accord with Rule 30 (b)(6). If the Plaintiff wishes to inquire further into this topic, she should reform Topic No. 5 and state the area of inquiry "reasonable particularity" on or before June 4, 2019.

    4.  <u>Topic No. 7: Complaints about Andrew Shaffer</u>

The Plaintiff failed to respond to the Defendant's motion for a protective order on Topic No. 7. Accordingly, the Defendant's motion should be granted and the Rule 30 (b)(6) deponent need not answer questions on this topic.

5. Topic No. 10: All Harassment Complaints at Olympia Haggen

Topic No. 10 provides:

> All harassment complaints, whether formal or informal, from February 2017 to present related to the Olympia Haggen Food and Pharmacy store, including (1) the nature and type of each complaint, (2) how Safeway received each complaint, (3) who received each complaint, (4) each complainant's identity and contact information, (5) whether each complainant is still employed with Safeway, (6) the date of each complaint, (7) whether Safeway performed an investigation, either formal or informal, into each complaint, (8) the start and end dates of each investigation, (9) the identity and contact information of the investigator(s) for each complaint, (10) the identity and contact information for all persons interviewed regarding each complaint and the nature of each person's statement, (11) the investigator(s)'s findings and recommendations for each complaint, and (12) any and all actions taken by Safeway in response to each complaint or investigation.

Dkt. 25-1, at 8.

The Defendant moves for a protective order as to this topic, arguing that it is overbroad because it seeks information about complaints by any employee made to any other employee regardless of title. Dkt. 23. The Defendant also states that it objects because it seeks information regarding sexual harassment complaints which was already provided in response to an interrogatory after the parties met and conferred over the scope of that question. *Id.* The information given was for the time frame that the Plaintiff requested: made from October 2014-October 2017. *Id.* In response, the Plaintiff asserts that "how Defendant responded to sexual harassment complaints at this store location is relevant to Ms. Simmons's claims of discrimination, constructive discharge, and that the Defendant ratified and compounded the harassment by its response" and to the affirmative defenses VII, VIII, XII, and XIII. Dkt. 28.

ORDER ON DISCOVERY MOTIONS - 9

The Defendant's motion for a protective order regarding this topic should be granted because the Defendant has shown good cause for issuance of the order. Rule 26 (c)(1). The topic, as written, is overbroad, seeking information from any employee about any harassment complaint to any other employee for the time after the Plaintiff quit. It is also unduly burdensome. Further, the Plaintiff fails to state the topic "with reasonable particularity" in accord with Rule 30 (b)(6). If the Plaintiff wishes to inquire further into this topic, she should reform Topic No. 10 and state the area of inquiry "reasonable particularity" on or before June 4, 2019.

6. Topic No. 13: Safeway's Answers to Discovery Requests

Topic No. 13 is as follows:

> Safeway's answers and responses to Plaintiff's discovery requests in this case, including where Safeway searched for information and records, who contributed to the answers and responses to discovery, the documents produced and not produced in Safeway's responses, and the steps Safeway took to ensure its answers and responses were accurate and complete.

Dkt. 25-1, at 9.

The Defendant moves for a protective order as to this topic, noting that it is vague, ambiguous and would not be possible to educate a designee as to the 25 interrogatories, 35 requests for production, and 40+ requests for admissions provided to the Plaintiff. Dkt. 23. It further notes that the scope of this topic would raise work product issues, is burdensome, and it is unnecessary to identify all documents "not produced." *Id*. The Plaintiff states in her response that she "has already agreed to narrow the scope of this topic by providing a list of specific discovery requests to Defendant before the Court hears this motion." Dkt. 28. In its reply, the Defendant states that the parties have not been able to resolve this issue. Dkt. 32.

The Defendant's motion for a protective order as to this topic should be granted. The Defendant has shown good cause for the order. Rule 26 (c)(1). The topic is overly vague, ambiguous, and burdensome. There is no showing that documents "not produced" are relevant. Preparation to answer this topic would be substantially out of proportion to the possibility of developing relevant information. Further, the topic has not stated with "reasonable particularity" the matter for examination. Rule 30 (b)(6). If the Plaintiff wishes to inquire further into this topic, she should reform Topic No. 13 and state the area of inquiry "reasonable particularity" on or before June 4, 2019.

      7.  <u>Motion for Attorneys' Fees for Having to Bring the Motion for Protective Order</u>

Fed. R. Civ. P. 26 (c)(3) provides, that "Rule 37 (a)(5) applies to the award of expenses." Under Rule 37 (a)(5)(C), "if the motion is granted in part and denied in part, the court may issue any protective order . . . and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."

This order grants, in part, and denies, in part, the Defendant's motion for a protective order. While the Court is disappointed that the parties did not resolve these issues together in a civil manner, there are not sufficient grounds to award attorneys' fees for this motion. The Defendant's motion for attorneys' fees should be denied.

**D. STANDARDS FOR ATTORNEY CLIENT PRIVILIEGE, WORK-PRODUCT DOCTRINE, AND MOTION TO COMPEL**

Where, as here, there are federal question claims and pendent state law claims present, federal common law governs claims of privilege. *Agster v. Maricopa County,* 422 F.3d 836, 839 (9th Cir. 2005); Fed. R. Evidence ("FRE") 501.

      1.  <u>Attorney-Client Privilege Standard</u>

"The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). The privilege exists where:

> (1) legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Richey*, at 566. The party asserting the "privilege has the burden of establishing the relationship and privileged nature of the communication." *Id.*

2. Work-Product Standard

"The work-product doctrine protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *Richey*, at 567. 2011)(*internal quotation marks and citation omitted*). "To qualify for work-product protection, documents must: (1) be prepared in anticipation of litigation or for trial and (2) be prepared by or for another party or by or for that other party's representative." *Id.* "The work-product doctrine's protections are waivable." *Id.*

"The work-product rule is not a privilege but a qualified immunity protecting from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Arizona*, 881 F.2d 1486, 1494 (9th Cir. 1989).

> The principal difference between the attorney-client privilege and the work product doctrine, in terms of the protections each provides, is that the privilege cannot be overcome by a showing of need, whereas a showing of need may justify discovery of an attorney's work product.

*Id.* Under Rule 26 (b)(3)(A), "ordinarily, a party may not discovery documents . . . that are prepared in anticipation of litigation," but those materials may be discoverable if the party

seeking them "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."  The Rule continues, providing that "[i]f the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney."  Rule 26 (b)(3)(B).

3. Motion to Compel Standard

Rule 37 (a)(1) provides:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

**E. MOTION TO COMPEL DOCUMENT**

1. Motion to Compel Writing Used to Refresh Plaintiff's Memory

FRE 612, "Writing Used to Refresh a Witness's Memory" provides:

> (a) **Scope**. This rule gives an adverse party certain options when a witness uses a writing to refresh memory:
>
> (1) while testifying; or
>
> (2) before testifying, if the court decides that justice requires the party to have those options.
>
> (b) **Adverse Party's Options**; Deleting Unrelated Matter. Unless 18 U.S.C. § 3500 provides otherwise in a criminal case, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony. If the producing party claims that the writing includes unrelated matter, the court must examine the writing in camera, delete any unrelated portion, and order that the rest be delivered to the adverse party. Any portion deleted over objection must be preserved for the record.
>
> (c) **Failure to Produce or Deliver the Writing**. If a writing is not produced or is not delivered as ordered, the court may issue any appropriate order.

The Ninth Circuit Court of Appeals has not directly ruled on the interplay between FRE 612 and documents sought to be protected under the attorney-client privilege and work-product doctrine. After noting that FRE 612 applies to depositions, the Third Circuit Court of Appeals found that the following three conditions must be met before a party may obtain a document used by a witness prior to testifying: "1) the witness must use the writing to refresh his memory; 2) the witness must use the writing for the purpose of testifying; and 3) the court must determine that production is necessary in the interests of justice." *Sporck v. Peil*, 759 F.2d 312, 317 (3d Cir. 1985).

The Plaintiff argues that the typed written version is protected by attorney-client privilege and work-product doctrine. Dkt. 26. She maintains that how counsel rearranged the typed timeline reveals important aspects of counsel's understanding of the case and inferences counsel drew from the privileged communications between counsel and the Plaintiff. *Id.* If the Court is inclined to compel her to turn the document over, she asks the Court to consider an in-camera review first. *Id.* She also argues that a further deposition should not be allowed. *Id.* The Defendant argues that disclosure of the typed timeline is critical to effective cross-examination and impeachment. Dkt. 31. It maintains that justice would be served by disclosure of the document because "it would be unfair for Plaintiff's counsel to use a writing to suggest facts to Plaintiff, and then deny Haggen access to that very document that might reveal the suggestion." *Id.* The Defendant asserts that it is not engaged in a fishing expedition – it only seeks one document. *Id.* The Defendant argues that there is no need for an in-camera review. *Id.*

In order to determine whether production of the document should be ordered, in-camera review of the document at issue should be done. On or before June 4, 2019, the Plaintiff is ordered to provide a paper copy of the document to chambers, delivered to the Clerk's Office, at

1717 Pacific Avenue, Tacoma, Washington, Attn. Judge Robert J. Bryan. The Motion to Compel Documents Refreshing Plaintiff's Memory and to Resume Deposition (Dkt. 21) should be renoted for June 4, 2019.

### III. ORDER

It is **ORDERED** that:

- The Defendant's Motion for Protective Order (Dkt. 23) **IS**:
    - **GRANTED** as to
        - Topic No. 4: Policies Regarding Employee Complaint Investigations;
        - Topic 5: Steps to Address Complaints While Investigation is Pending;
        - Topic No. 7: Complaints about Andrew Shaffer;
        - Topic No. 10: All Harassment Complaints at Olympia Haggen;
        - Topic No. 13: Safeway's Answers to Discovery Requests; and
    - **DENIED** as to
        - Topic No. 2: Andrew Shaffer's rates of pay;
        - The motion for attorneys' fees;
- On or before **June 4, 2019**, the Plaintiff **IS ORDERED** to provide a paper copy of the typed document at issue in the Defendant's Motion to Compel to chambers, delivered to the Clerk's Office, at 1717 Pacific Avenue, Tacoma, Washington, Attn. Judge Robert J. Bryan;
- The Defendant's Motion to Compel Documents Refreshing Plaintiff's Memory and to Resume Deposition (Dkt. 21) **IS RENOTED** for June 4, 2019.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 30th day of May, 2019.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge