UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AVERY SIMMONS, an individual,

Plaintiff,

v.

SAFEWAY, INC., d/b/a HAGGEN FOOD AND PHARMACY, a Delaware corporation,

Defendant.

CASE NO. 18-5522 RJB

ORDER ON MOTION TO COMPEL

THIS MATTER comes before the Court on Defendant Safeway, Inc., d/b/a Haggen Food and Pharmacy's ("Haggen" or "Defendant") Haggen's Motion to Compel Documents Refreshing Plaintiff's Memory and to Resume Deposition. Dkt. 21. The Court has considered the pleadings filed regarding the motion and the remaining file.

On May 14, 2018, Plaintiff Avery Simmons filed this employment discrimination case in Thurston County, Washington, Superior Court, in connection with her employment at Haggen's Olympia, Washington store. Dkt. 1-2. Haggen moves for an order compelling Simmons to produce a typed document that she asserted she used to refresh her memory during her

ORDER ON MOTION TO COMPEL - 1

deposition and an order allowing Haggen to proceed with a second, limited deposition. Dkt. 21. The Court reviewed the document in-camera. For the reasons provided below, Haggen's motion to compel and for leave to conduct a second limited deposition (Dkt. 21) should be granted, in part, and denied as to its motion for an award of reasonable expenses.

I. **BACKGROUND FACTS, PROCEDURAL HISTORY, AND SPECIFIC FACTS RELATED TO THE PENDING DISCOVERY MOTIONS**

A. **BACKGROUND FACTS**

According to the Amended Complaint, Haggen hired the Plaintiff on February 16, 2017. Dkt. 12, at 2. She asserts that she was injured at work in August of 2017 and filed a worker's compensation claim. *Id.* The Plaintiff maintains that the Defendant issued a "Personnel Action Notice" about her workplace injury because she filed her workers' compensation claim. *Id.*

Around October 16, 2017, the Plaintiff alleges that another employee "sexually harassed Plaintiff in the form of unwanted touching and sexual luring." Dkt. 12, at 2. She asserts that she followed the Defendant's "written anti-harassment policy by reporting her co-workers' sexually-harassing behavior." *Id.* The Plaintiff maintains that after her report, the Defendant issued two "Personnel Action Notices for conduct that occurred before the Plaintiff complained of the harassment." *Id.* She states that Defendant's Human Resources Department, "without following its own policy by investigating, told Plaintiff there was no issue." *Id.*, at 3. The Plaintiff asserts the Defendant did not follow its own policy and failed to address the behavior. *Id.* She maintains that she "reasonably believed she had no choice but to quit;" she did so on October 24, 2017. *Id.*

B. **PROCEDURAL HISTORY**

The Plaintiff asserts claims against Haggen for hostile work environment, discrimination, and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et. seq.,* and the

Washington Law Against Discrimination, RCW 49.60, *et. seq*. Dkt. 12, at 3-4. She also makes claims for claim suppression and wrongful termination under Washington common law. *Id*. The Plaintiff seeks injunctive relief, damages, attorneys' fees, and costs. *Id.*

The discovery deadline was June 3, 2019, the dispositive motions deadline is July 2, 2019, and the trial is set to begin on September 30, 2019. Dkt. 18.

### C. FACTS RELATED TO MOTION TO COMPEL AND FOR FURTHER DEPOSITION OF PLAINTIFF

On December 10, 2018, Plaintiff's deposition was taken for around four hours. Dkt. 22, at 1, and Dkt. 22-1, at 3-12. During her deposition, the Plaintiff acknowledged that she reviewed a page-and-a-half document, typed by her attorney, to refresh her memory of the events surrounding this case. Dkt. 22-1, at 4. Defense counsel asked the Plaintiff whether she recalled "what the statement says in it," and the Plaintiff's counsel instructed her not to answer on the grounds of attorney-client privilege and work-product doctrine protection. *Id.,* at 5. The Plaintiff testified that the document was created from her own notes of the events, taken before she consulted legal counsel, and then reorganized and typed by her attorney after they met. Dkt. 27-1, at 11-12. She testified that the typewritten version (that she used to refresh her memory) was not different, in any way that is important, to her handwritten version. Dkt. 27-1, at 12. During the deposition, counsel for Defendant indicated that they may seek to depose Plaintiff again after production of the document. Dkt. 21-1, at 5. After the deposition, the Plaintiff sent the Defendant a copy of her handwritten notes but did not send the typed version. Dkt. 27-2. The parties met and conferred and were unable to resolve the issue. Dkt. 22, at 1-2.

## II. DISCUSSION

### A. STANDARD ON DISCOVERY GENERALLY

Fed. R. Civ. P. 26 (b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12 (1978)(*quoting* 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)).

### B. STANDARDS FOR ATTORNEY CLIENT PRIVILIEGE, WORK-PRODUCT DOCTRINE, AND MOTION TO COMPEL

Where, as here, there are federal question claims and pendent state law claims present, federal common law governs claims of privilege. *Agster v. Maricopa County,* 422 F.3d 836, 839 (9th Cir. 2005); Fed. R. Evidence ("FRE") 501.

   1. <u>Attorney-Client Privilege Standard</u>

"The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). The privilege exists where:

> (1) legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Richey*, at 566. The party asserting the "privilege has the burden of establishing the relationship and privileged nature of the communication." *Id.*

   2. <u>Work-Product Standard</u>

"The work-product doctrine protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *Richey*, at 567. 2011)(*internal quotation marks and citation omitted*). "To qualify for work-product protection, documents must: (1) be prepared in anticipation of litigation or for trial and (2) be prepared by or for another party or by or for that other party's representative." *Id*. "The work-product doctrine's protections are waivable." *Id*.

"The work-product rule is not a privilege but a qualified immunity protecting from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Arizona*, 881 F.2d 1486, 1494 (9th Cir. 1989).

> The principal difference between the attorney-client privilege and the work product doctrine, in terms of the protections each provides, is that the privilege cannot be overcome by a showing of need, whereas a showing of need may justify discovery of an attorney's work product.

*Id*. Under Rule 26 (b)(3)(A), "ordinarily, a party may not discover documents . . . that are prepared in anticipation of litigation," but those materials may be discoverable if the party seeking them "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." The Rule continues, providing that "[i]f the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney." Rule 26 (b)(3)(B).

3. <u>Motion to Compel Standard</u>

Rule 37 (a)(1) provides:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or

ORDER ON MOTION TO COMPEL - 5

party failing to make disclosure or discovery in an effort to obtain it without court action.

**C. MOTION TO COMPEL DOCUMENT AND TO CONTINUE DEPOSITION**

1. Motion to Compel Writing Used to Refresh Plaintiff's Memory

FRE 612, "Writing Used to Refresh a Witness's Memory" provides:

(a) **Scope**. This rule gives an adverse party certain options when a witness uses a writing to refresh memory:

(1) while testifying; or

(2) before testifying, if the court decides that justice requires the party to have those options.

(b) **Adverse Party's Options**; Deleting Unrelated Matter. Unless 18 U.S.C. § 3500 provides otherwise in a criminal case, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony. If the producing party claims that the writing includes unrelated matter, the court must examine the writing in camera, delete any unrelated portion, and order that the rest be delivered to the adverse party. Any portion deleted over objection must be preserved for the record.

(c) **Failure to Produce or Deliver the Writing**. If a writing is not produced or is not delivered as ordered, the court may issue any appropriate order.

The Ninth Circuit Court of Appeals has not directly ruled on the interplay between FRE 612 and documents sought to be protected under the attorney-client privilege and work-product doctrine. After noting that FRE 612 applies to depositions, the Third Circuit Court of Appeals found that the following three conditions must be met before a party may obtain a document used by a witness prior to testifying: "1) the witness must use the writing to refresh his memory; 2) the witness must use the writing for the purpose of testifying; and 3) the court must determine that production is necessary in the interests of justice." *Sporck v. Peil*, 759 F.2d 312, 317 (3d Cir. 1985).

ORDER ON MOTION TO COMPEL - 6

The Plaintiff argues that the typed written version is protected by attorney-client privilege and work-product doctrine. Dkt. 26. She maintains that how counsel rearranged the typed timeline reveals important aspects of counsel's understanding of the case and inferences counsel drew from the privileged communications between counsel and the Plaintiff. *Id.* She also argues that a further deposition should not be allowed. *Id.*

The Defendant argues that disclosure of the typed timeline is critical to effective cross-examination and impeachment. Dkt. 31. It maintains that justice would be served by disclosure of the document because "it would be unfair for Plaintiff's counsel to use a writing to suggest facts to Plaintiff, and then deny Haggen access to that very document that might reveal the suggestion." *Id.* The Defendant asserts that it is not engaged in a fishing expedition – it only seeks one document. *Id.*

The Defendant's motion to compel (Dkt. 21) should be granted. Each of the elements of *Sporck* are met. The Plaintiff acknowledged that she used the typed document at issue to refresh her memory for the purpose of testifying at her deposition. Dkt. 27-1, at 12. Further, "production is necessary in the interests of justice." *Sporck,* at 317. The Defendant has shown "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Rule 26 (b)(3)(A). To effectively cross examine the Plaintiff, the Defendant is entitled to the document; it is important to its defense. Plaintiff's testimony is the primary evidence offered in support of her claims. Further, the request is narrow in scope. Any privilege the Plaintiff had in the document has been waived. The Plaintiff should turn the document over to the Defendant.

2. <u>Motion to Continue with the Plaintiff's Deposition</u>

Under Fed. R. Civ. P. 30(d), depositions are ordinarily limited to one day of seven hours. Fed. R. Civ. P. 30(d)(1). The Court "must allow additional time . . . if needed to fairly examine the deponent."

The Defendant states that it is "willing to take Plaintiff's deposition in a mutually agreeable location closer to Plaintiff's place of work or home and limit the deposition only to covering the documents Plaintiff used to refresh her recollection." Dkt. 21, at 6. With these parameters in mind, the Defendant's motion to continue with the Plaintiff's deposition (Dkt. 21) should be granted. The additional time is needed to fairly examine the deponent.

3. Motion for Award of Reasonable Expenses

The Defendant moves for reasonable expenses under Fed. R. Civ. P. 37(a)(5)(A). Dkt. 21.

Rule 37(a)(5)(A)(iii) provides that if a motion to compel is granted the Court must award reasonable expenses, unless "other circumstances make an award of expenses unjust." An award of expenses would be unjust in this case.

### III. ORDER

It is **ORDERED** that:

- The Defendant's Motion to Compel Documents Refreshing Plaintiff's Memory and to Resume Deposition (Dkt. 21) **IS GRANTED, in part, and DENIED as to its motion for an award of expenses**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 5th day of June, 2019.

*[signature]*

ROBERT J. BRYAN
United States District Judge