UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AVERY SIMMONS, an individual,<br><br>Plaintiff,<br>v.<br><br>SAFEWAY, INC., d/b/a HAGGEN FOOD AND PHARMACY, a Delaware corporation,<br><br>Defendant. | CASE NO. 18-5522 RJB<br><br>ORDER ON MOTION TO EXCLUDE |

THIS MATTER comes before the Court on Defendant Safeway, Inc., d/b/a Haggen Food and Pharmacy's ("Haggen" or "Defendant") Motion to Exclude Report and Testimony of Amy Stephson under *Daubert* [*v. Merrell Dow Pharms. Inc.*, 509 U.S. 579 (1993)] and Rule 702. Dkt. 40. The Court has considered the pleadings filed regarding the motion and the remaining file.

On May 14, 2018, Plaintiff Avery Simmons filed this employment discrimination case in Thurston County, Washington, Superior Court, in connection with her employment at Haggen's Olympia, Washington store. Dkt. 1-2. Haggen moves for an order excluding Plaintiff's purported expert, Amy Stephson's, report and testimony. Dkt. 40. For the reasons provided below, Haggen's motion to exclude (Dkt. 40) should be granted.

ORDER ON MOTION TO EXCLUDE - 1

# FEDERAL RULE OF EVIDENCE 702 and *DAUBERT* STANDARDS

Federal Rule of Evidence 702 states:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In *Daubert,* the U.S. Supreme Court "held that Federal Rule of Evidence 702 imposes a special obligation upon a trial judge to 'ensure that any and all scientific testimony . . . is not only relevant, but reliable.'" *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999)(*quoting Daubert,* at 589). In *Kumho Tire,* the Supreme Court extended the *Daubert* and held that Rule 702 applies to all expert testimony, not just "scientific expert testimony." *Id.* The rule has been interpreted within the Ninth Circuit to require that expert testimony be "both relevant and reliable." *Estate of Barabin v. Asten Johnson, Inc.*, 740 F.3d 457, 463–64 (9th Cir. 2014).

## MOTION TO EXCLUDE REPORT AND TESTIMONY and RESPONSE

Haggen moves to exclude Ms. Stephson's report and testimony, arguing that: (1) she failed to comply with a subpoena duces tecum; (2) she "presents opinions that lack foundation – maintaining that she has never been admitted as an expert, held a human resources management position, and cannot identify any published human resources standards upon which she relies;" (3) she presents legal opinions; (4) her opinions and "purported [human resources] standards have never been peer reviewed; and (5) her opinions "invade the province of the jury." Dkts. 40 and 46.

The Plaintiff opposes the motion, and argues that: (1) Haggen failed to meet and confer on this issue, failed to meet the requirements of Fed. R. Civ. P. 45 regarding the subpoena, makes no showing that Ms. Stephson's failure to provide drafts of her report should result in exclusion of her report or testimony, (2) she is qualified as an expert on workplace investigations because she has been a licensed attorney for over 40 years, has focused on employment law for the last 23, and has conducted over 290 workplace investigations, focused primarily on claims of harassment, discrimination and retaliation; (3) Ms. Stephson's opinions are relevant to the claims and defenses asserted and does not offer legal conclusions or credibility determinations; (4) her opinions are reliable based on her review of the records, personal experience, training and education and "to the extent the Court feels it does not have enough information about Stephson's experience, personal knowledge, and the resources she used, . . . it should allow Stephson or Plaintiff to elaborate for the Court at a hearing specifically for that purpose." Dkt. 43.

## DISCUSSION AND RULING

The Court chooses here to determine the admissibility, under Rule 702 and *Daubert* and *Kumho*, of the information in Ms. Stephson's report (Dkt. 41) and to bypass the other issues raised by Defendant (meet and confer, compliance with subpoena, provision of drafts and qualifications of Ms. Stephson).

Perhaps sadly, none of the information in Ms. Stephson's report (Dkt. 41) is admissible in evidence for the following reasons:

1. Although she refers to "standard human resources practices" (Dkt. 41 at 14) and "a professional fact-finding process," she does not identify a source or foundation for such practices and processes, leaving her views about such matters as *ipse dixit*, and without any foundation to

support admissibility. Her report purports to test the Defendant's investigation against these unknown "standards."

2. Much of Ms. Stephson's report is a recitation of what she believes the facts to be. The jury can and should determine the facts without Ms. Stephson's opinions of the evidence.

3. Much of Ms. Stephson's report is her opinions of the meaning of, and interpretation of, the evidence. (For example: "Parker has become adversarial" (Dkt. 41 at 13). "By this point, Parker is scolding Simmons for not returning to work" (*Id*. at 13). "Parker has firmly crossed the line from interviewee to adversary" (*Id*.). "Parker's view of this as something suspicious seems to indicate bias against Simmons as well as a belief . . . that Simmons was not credible" (*Id*. at 12). "None of the people to whom Simmons bought her concerns took them, or her, seriously" (*Id*. at 16). There are many other examples in Ms. Stephson's report.) Such opinions are not admissible and directly invade the province of the jury.

4. Much of Ms. Stephson's report is a recitation of how Haggen's investigation did not live up to its own "Crew Member Handbook: Policies and Procedures (Revised 2017)." A jury does not need an expert to help them decided such issues. Her testimony on this subject would not assist a jury "to understand the evidence or to determine a fact in issue" (ER 702).

For all of the foregoing reasons, the Defendant's Motion to Exclude Report and Testimony of Amy Stephson under *Daubert* and Rule 702 (Dkt. 40) should be GRANTED.

**ORDER**

It is **ORDERED** that:Defendant's Motion to Exclude Report and Testimony of Amy Stephson under *Daubert* and Rule 702 (Dkt. 40) is GRANTED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 8th day of July, 2019.

_____
ROBERT J. BRYAN
United States District Judge