UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AVERY SIMMONS, an individual, | CASE NO. 18-5522 RJB |
| Plaintiff, | ORDER ON PLAINTIFF'S MOTION TO RETAX COSTS |
| v. | |
| SAFEWAY, INC., d/b/a HAGGEN FOOD AND PHARMACY, a Delaware corporation, | |
| Defendant. | |

THIS MATTER comes before the Court on the Plaintiff Avery Simmons' Motion to Retax Costs. Dkt. 74. The Court has considered the pleadings filed regarding the motion and the remaining file.

On May 14, 2018, the Plaintiff filed this employment discrimination case in Thurston County, Washington, Superior Court, in connection with her employment in the deli at Defendant Safeway, Inc., d/b/a Haggen Food and Pharmacy's ("Haggen" or "Defendant") Olympia, Washington store. Dkt. 1-2. On August 1, 2019, Haggen's motion for summary judgment on all claims was granted and the case dismissed. Dkt. 62. Haggen's Motion for a Bill of Costs, in the amount of $5,088.55, was granted by the Clerk of the Court. Dkt. 73. The Plaintiff now moves to retax costs. Dkt. 74.

# I. BACKGROUND FACTS AND PROCEDURAL HISTORY

The background facts and procedural history are in the August 1, 2019 Order on Motion for Summary Judgment (Dkt. 62, at 1-7) and are adopted here by reference.

As is also relevant to the pending motion, Haggen is a national corporation, with annual revenue of billions of dollars a year. Dkt. 71. The Plaintiff states that she "lives paycheck to paycheck," earns between $11.50-$15.70 per hour, and often works two jobs to support herself. Dkt. 70. She states that she is not able to pay the $5,008.55 in costs awarded to Haggen. *Id*.

# II. DISCUSSION

Under Fed. R. Civ. P. 54 (d)(1) "costs—other than attorney's fees—shall be allowed to the prevailing party." "On its face, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Escriba v. Foster Poultry Farms, Inc.,* 743 F.3d 1236, 1247 (9th Cir. 2014)(*internal quotation marks and citations omitted*). Factors to be considered in "denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Id.,* at 1247–48.

The Plaintiff's Motion to Retax Costs (Dkt. 74) should be granted. The first and second factors, public importance of the case and closeness and difficulty of the case, neither weigh in favor nor against awarding costs. The third, fourth, and fifth factors weigh in favor of denying Haggen's costs. Awarding costs here would present a danger of chilling future sexual harassment actions. Forcing a plaintiff who alleges that she was a victim of sexual harassment to pay costs in a case like this one could discourage "potential plaintiffs from bringing such cases at all." *Ass'n of Mexican-American Educators v. State of California,* 231 F.3d 572, 593 (9th Cir.

2000). Further, the Plaintiff has very limited financial resources which weighs against awarding costs to Haggen. The Plaintiff made around $24,000 in 2018 and states that she would not be able to pay $5,008.55 in costs. "Costs are properly denied when a plaintiff would be rendered indigent should she be forced to pay the amount assessed." *Escriba*, at 1248. Haggen is a nationwide billion-dollar company. The "great economic disparity" between the parties also weighs against awarding Haggen costs. *Id.* at 1249. The Taxation of Costs (Dkt. 73) should be vacated and the Motion to Retax Costs (Dkt. 74) should be granted.

### III. ORDER

It is **ORDERED** that:

- The Plaintiff Avery Simmons' Motion to Retax Costs (Dkt. 74) **IS GRANTED;** and
- The Taxation of Costs (Dkt. 73) **IS VACATED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 1st day of October, 2019.

ROBERT J. BRYAN
United States District Judge

ORDER ON PLAINTIFF'S MOTION TO RETAX COSTS - 3