**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 5 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AVERY SIMMONS, an individual,<br><br>　　　　Plaintiff-Appellant,<br><br>　v.<br><br>SAFEWAY, INC., DBA Haggen Food and Pharmacy, a Delaware corporation,<br><br>　　　　Defendant-Appellee,<br><br>　and<br><br>ALBERTSONS COMPANIES LLC,<br><br>　　　　Defendant. | No.　19-35715<br><br>D.C. No. 3:18-cv-05522-RJB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Argued and Submitted July 7, 2020
Seattle, Washington

Before: HAWKINS, D.M. FISHER,** and M. SMITH, Circuit Judges.

---

　　* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　** The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Avery Simmons appeals the district court's grant of summary judgment in favor of Safeway, Inc. d/b/a Haggen Food and Pharmacy, in her lawsuit against Haggen under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et. seq.*, and Washington state law. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

The district court erred in holding that no reasonable jury could conclude that Andrew Shaffer's conduct was sufficiently "severe or pervasive" and that Haggen failed to take "prompt and effective remedial action." To establish a hostile work environment under Title VII and the Washington Law Against Discrimination, an employee must show that "1) [she] was subjected to verbal or physical conduct of a sexual nature, 2) this conduct was unwelcome, and 3) this conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Fuller v. Idaho Dep't of Corr.*, 865 F.3d 1154, 1161 (9th Cir. 2017) (internal quotation marks and citation omitted); *see also Glasgow v. Georgia-Pac. Corp.*, 693 P.2d 708, 712 (Wash. 1985). "The working environment must both subjectively and objectively be perceived as abusive, and the objective analysis is done from the perspective of a reasonable woman." *Fuller,* 865 F.3d at 1161 (internal quotation marks and citation omitted). Additionally, "an employee must show that her employer is liable for the conduct that created the environment." *Id*. (citation omitted); *see also Glasgow,* 693 P.2d at 712.

Haggen does not dispute that Simmons was subjected to unwelcome conduct, and Simmons demonstrates genuine issues of material fact as to the remaining elements. First, whether Shaffer's conduct was based on sex is a question of fact because Shaffer treated men and women differently. He subjected Simmons to

treatment to which he did not subject men: standing within one to two feet of her, following her around, and holding her waist. *See EEOC v. Nat'l Educ. Ass'n, Alaska*, 422 F.3d 840, 844 (9th Cir. 2005) ("'[D]irect comparative evidence about how the alleged harasser treated members of both sexes' is always an available evidentiary route." (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80–81 (1998))). No male Haggen employee has alleged the same. Furthermore, the evidence here suggests that Shaffer's staring affected women differently than it affected men: it made Simmons and at least one other female coworker very uncomfortable, whereas the male store manager said he appreciated the staring.[1]

Second, Shaffer's conduct was more than "[s]imple teasing" or "offhand comments." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (citation omitted). Shaffer stared and stood uncomfortably close during each of the seventeen shifts he worked with Simmons over a two-month period. Additionally, Simmons testified that Shaffer began following her into small, confined areas, and held her waist for thirty seconds. Because the "[t]he required level of severity or seriousness varies inversely with the pervasiveness or frequency of the conduct," *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 687 (9th Cir. 2017) (citation omitted), a reasonable jury could find that the cumulative effect of Shaffer's repeated conduct, plus the one time he held her waist, was so severe or pervasive as to alter the

---

[1] An alleged harasser cannot "'cure' his conduct" by harassing both men and women; "*Ellison* [*v. Brady*] unequivocally directs us to consider what is offensive and hostile to a reasonable *woman*[,]" and to take into account the fact that "'conduct that many men consider unobjectionable may offend many women.'" *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir. 1994) (quoting *Ellison v. Brady*, 924 F.2d 872, 878 (9th Cir. 1991)).

conditions of employment.

Third, Haggen only counseled Shaffer about his staring, and reasonable minds could disagree over whether Haggen "expresse[d] strong disapproval" even of this one type of conduct. *Intlekofer v. Turnage*, 973 F.2d 773, 780 (9th Cir. 1992). Therefore, there is a genuine issue of material fact regarding whether Haggen's response was "proportionate to the seriousness of the offense," constituting "prompt and effective remedial action." *Reynaga*, 847 F.3d at 689 (alteration and citations omitted). Thus, we reverse and remand on Simmons' hostile work environment claim.

We also reverse and remand on Simmons' remaining claims. The district court erred in holding that a reasonable jury could not conclude that Simmons established a *prima facie* case for retaliation. It erroneously evaluated whether the alleged adverse employment action altered "the terms or conditions of [Simmons'] employment," but it should have asked whether the adverse employment action "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Next, the district court erred in granting summary judgment on Simmons' state-law claim for wrongful discharge in violation of public policy. Such a claim "may be based on either express or constructive discharge." *Peiffer v. Pro-Cut Concrete Cutting & Breaking Inc.*, 431 P.3d 1018, 1031 (Wash. Ct. App. 2018) (internal quotation marks omitted). Here, the district court referred to its prior holding that Simmons failed to show that Shaffer's conduct was "severe or pervasive" enough to support a hostile work environment claim. Because of this, the district court concluded that Simmons necessarily failed to meet the higher

4

constructive discharge standard, namely, "conditions so intolerable that a reasonable person would leave." Generally, "whether the working conditions were intolerable" is a factual question for the jury, "unless there is no competent evidence to establish a claim of constructive discharge." *Haubry v. Snow*, 31 P.3d 1186, 1192 (Wash. Ct. App. 2001). Because we reverse the district court's holding as to "severe or pervasive" conduct, that holding cannot be used as the basis for rejecting Simmons' constructive discharge, and therefore her wrongful discharge in violation of public policy, claim.[2]

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

---

[2] As we are reversing on all other claims, Simmons will have the chance to present evidence of claim suppression and punitive damages on remand.